**Richard TREHAN, Plaintiff–Appellant,**

v.

**Donald MORTON, Director, Sandusky County Department of Human Services, Defendant–Appellee.**

No. 00–3792.

United States Court of Appeals, Sixth Circuit.

Aug. 27, 2001.

Before KENNEDY and COLE, Circuit Judges; FORESTER,* District Judge.

---

* The Honorable Karl S. Forester, United States District Court for the Eastern District of Kentucky, sitting by designation.

**OPINION**

PER CURIAM.

Plaintiff–Appellant Richard Trehan filed the present complaint in the United States District Court for the Northern District of Ohio, contending that the failure of Defendant–Appellee Donald Morton, Director of Sandusky County Human Services ("the County"), to contact him and establish that he was father of Krystal Dirnberg in 1984 deprived him of his paternal rights under the United States Constitution and the Social Security Act, 42 U.S.C. §§ 654(4)(a), 672(h), thereby giving rise to a claim under 42 U.S.C. § 1983. In addition, Trehan asserted pendent claims under O.R.C. § 3115.15(B), O.A.C. § 5101:1–30–23, and Ohio common law. The County moved to dismiss Trehan's complaint pursuant to Fed.R.Civ.P. 12(b)(6), alleging that the complaint was not filed within the statute of limitations. The district court granted the motion and denied Trehan's subsequent motion for reconsideration.

Trehan argues that his cause of action accrued on March 5, 1998, when he discovered while deposing a county employee that the County had known for thirteen years that he was Krystal Dirnberg's father, and that his complaint was, therefore, timely filed on November 17, 1999. The County responds that the cause of action accrued on April 13, 1997, when Trehan was told that he had a daughter. Trehan does not dispute that the applicable limitations period is two years, as provided in 42 U.S.C. § 1983 and O.R.C. § 2744.04(A).

Having carefully considered the record on appeal, the briefs of the parties, and the applicable law, we are not persuaded that the district court erred in dismissing Trehan's complaint or denying his motion for

reconsideration. Because the district court carefully analyzed the relevant factual and legal issues, the issuance of a detailed written opinion by this Court would be unnecessarily duplicative and serve no useful purpose. Accordingly, the judgment of the district court is **AFFIRMED** upon the reasoning of that court in its written opinions.